IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
|       Plaintiff, | : | |
| VS. | : | NO. 7:20-CV-89-HL-TQL |
| | : | |
| TIMOTHY WARD, *et al.*, | : | |
| | : | |
|       Defendants. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court are objections, a motion for access to case authorities, and a motion for reconsideration filed by *pro se* Plaintiff Waseem Daker, an inmate who is currently confined at the Smith State Prison in Glenville, Georgia.  For the following reasons, Plaintiff's motion for access to case authorities (ECF No. 19) is **DENIED**, and his motion for reconsideration (ECF No. 21) is **GRANTED in part and DENIED in part**.  The Clerk is also **DIRECTED** to consolidate this action into *Daker v. Ward*, No. 7:20-cv-00113-HL-TQL (M.D. Ga. June 11, 2020) and to **ADMINISTRATIVELY CLOSE** the above-captioned action.

### MOTION FOR ACCESS TO CASE AUTHORITIES

Plaintiff has filed a motion for "access to case authorities," requesting that the Court provide him copies of the authorities cited in the September 9, 2021 Recommendation (ECF No. 19).  In this motion, Plaintiff avers that he "has not had access to any of the cases cited by the magistrate."  Mot. 4, ECF No. 19.  Plaintiff, however, does not explain

why this would be the case. Previous motions requesting this same relief were predicated on Plaintiff's assertion that he was in "lockdown" and therefore had limited access to the law library, but at the time Plaintiff filed the pending motion he was in general population. Moreover, as with Plaintiff's previous motions seeking this relief, Plaintiff provides no specific factual details showing how any limitations on his access to legal materials have affected his ability to prosecute this case (or any others he has pending). Recent filings in his pending cases demonstrate that Plaintiff has ample access to a broad range of legal authorities. Plaintiff also neglects to explain any efforts he has made to obtain access to the authorities he seeks in this case from the prison law library, including documenting which authorities he requested, the dates he requested such authorities, and any responses by prison officials to those requests. Because Plaintiff has failed to demonstrate that his purported lack of access to legal authorities has prevented him from prosecuting this case or that he has affirmatively been denied access to those authorities, his motion (ECF No. 19) is **DENIED**.

## MOTION FOR RECONSIDERATION AND OBJECTIONS

### I. Procedural History and Standard of Review

On September 9, 2021, the United States Magistrate Judge recommended dismissal of Plaintiff's Amended Complaint in this case (ECF No. 14). Plaintiff filed a motion for an extension of time to object to this Recommendation (ECF No. 15); the Court granted Plaintiff's motion on September 28, 2021 and provided Plaintiff with an additional fourteen (14) days from that date to file his objections (ECF No. 16). After the extended time for

filing objections passed without a response from Plaintiff, the Court adopted the Recommendation and entered judgment dismissing the case on November 3, 2021 (ECF Nos. 17, 18).

On November 5, 2021, the Court received Plaintiff's motion for access to case authorities (ECF No. 19) and his Objections (ECF No. 20).  Plaintiff's typewritten, 84-page Objections were signed on October 15, 2021—the date they were due, including mailing days under Federal Rule of Civil Procedure 6(d)—and postmarked on November 3, 2021.  Objs. 84, ECF No. 20; Attach. 1 to Objs. 1, ECF No. 20-1.  The Court then received Plaintiff's motion for reconsideration on December 20, 2021, though it was signed on December 1, 2021 and appears to be postmarked on December 16, 2021.  Mot. Recons. 6, ECF No. 21; Attach. 1 to Mot. Recons. 1, ECF No. 21-1.  An application of the prison mailbox rule thus dictates that (1) Plaintiff's motion for reconsideration should be treated as one filed under Federal Rule of Civil Procedure 59(e), which provides an avenue for altering or amending a judgment and must be filed within 28 days after the entry of that judgment and (2) Plaintiff's Objections should be considered timely and will therefore be fully considered in determining whether Plaintiff's motion for reconsideration should be granted.[1]

---

[1] Under the "mailbox rule" the Court generally deems a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing.  *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).  Absent evidence to the contrary, it is assumed that a document is delivered to prison authorities on the date the prisoner signed it.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

As Plaintiff is by now well-aware, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same). Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original). The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). Plaintiff bases his motion on "the availability of new evidence" and "the need to correct clear error or manifest injustice," Mot. Recons. 2, ECF No. 21, and in addition to his Objections (ECF No. 20), he has filed "new evidence" in the form of declaration in support of his motion (ECF No. 22).

## II. Plaintiff's Claims

### A. Claims Dismissed as Duplicative, Frivolous, and Malicious

As an initial matter, Plaintiff has not persuaded the Court that it erred in finding that Plaintiff's due process, takings clause, equal protection, and court access claims related to the freezing of Plaintiff's prison trust fund account should be dismissed as duplicative. Likewise, Plaintiff has not persuaded the Court that it erred in finding that Plaintiff's claims challenging the GDC's policy of denying Tier II inmates access to JPay tablets and email are duplicative.  Plaintiff contends that these claims cannot be considered duplicative because they were previously dismissed without prejudice and because a court where Plaintiff filed his duplicative claims ultimately denied leave to amend.  But Plaintiff chose to appeal those decisions rather than refile those claims, and those appeals were pending at the time he filed the Amended Complaint in this action.  His earlier actions are thus considered open, and the notices of appeal filed in those matters may divest Court "of jurisdiction over these same claims and issues[.]"  *Jones v. District of Columbia*, Civil Action No. 1:21-cv-01696 (UNA), 2021 WL 5564631, at *1 (D.D.C. Nov. 23, 2021) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). Plaintiff therefore "cannot file them anew in an attempt to revive them while he awaits the Circuit's determination."  *Id.*  Permitting Plaintiff's claims to proceed in trial court while they are also proceeding on appeal would also waste judicial resources and delay the ultimate resolution of those claims by needlessly entangling the courts in duplicative and protracted litigation.

Furthermore, Plaintiff has shown a proclivity to file his claims in multiple jurisdictions in an effort to obtain multiple bites at the same apple.  Indeed, at the same

time Plaintiff was seeking to persuade this Court not to dismiss his claims (by filing his Objections), he was again seeking to amend his complaint to include some of those very same claims in the Southern District of Georgia. *See* Attach. 1 to Mot. Am. 94-95, ECF No. 339-1 in *Daker v. Head*, Case No. 6:14-cv-00047-RSB-BWC (S.D. Ga. Nov. 12, 2021) (seeking to file amended complaint that would include claims that conditions of confinement in Tier II, including denial of JPay tablets and email access, violate First Amendment and RLUIPA); *id.* at 97 (seeking to file amended complaint that would include claims that GDC policies that authorize freezing of prison trust fund account for repayment of various fees violate due process and takings clauses). Plaintiff has been warned that such conduct constitutes bad faith. *See, e.g., Daker v. Bryson*, Civil Action No. 5:15-cv-00088-TES-CHW, 2019 WL 826474, at *4 (M.D. Ga. Feb. 21, 2019) (warning Plaintiff that "the filing of multiple, identical complaints—in different jurisdictions—with the stated intent of only prosecuting whichever case was 'allowed to proceed' is a glaring example of bad faith and malicious conduct"). His continued refusal to heed the Court's warnings constitutes an abuse of the judicial process that also merits dismissal. *See, e.g., Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (holding that "an abuse of the judicial process" can "warrant[] dismissal" of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1)).

For these reasons, Plaintiff's motion for reconsideration is denied to the extent he asks the Court to reconsider the dismissal of his due process, takings clause, equal protection, and court access claims related to the freezing of Plaintiff's prison trust fund

account and his claims concerning Defendants' customs or policies limiting tablet and email access on Tier II. *See Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021) (affirming dismissal of Plaintiff's duplicative claims without prejudice as "malicious" under § 1915A(b)(1)).

        B.    First Amendment "Information and Ideas" Claims

Plaintiff next contends that the Court erred in finding that Defendants' customs or policies do not violate his First Amendment right to "information and ideas." *See, e.g., Stanley v. Georgia*, 394 U.S. 557, 564 (1969). To the extent Plaintiff alleges that these customs or policies apply to him as a general population prisoner, they may not be duplicative of his claims that JPay tablet or email access was not available to him on Tier II. But even to the extent they are not duplicative, Plaintiff has not shown that the dismissal of these claims should be reconsidered.

First, to the extent Plaintiff claims that Defendants have violated his First Amendment rights by implementing a policy denying prisoners the right to email with any person other than those listed on their approved visitation list, Plaintiff has still failed to (1) show that he has a constitutional right to email access or (2) identify any individual with whom he has been prevented from communicating in *some* manner, e.g., regular postal mail, telephone, or visitation. Moreover, even if the Court were to accept Plaintiff's contention that the email restriction must be analyzed under the framework outlined in *Turner v. Safley*, 482 U.S. 78 (1987), the Eleventh Circuit has already upheld the constitutionality of a similar policy permitting inmates to call only ten individuals on a pre-

approved calling list. *Pope v. Hightower*, 101 F.3d 1382, 1385 (11th Cir. 1996) (applying *Turner* analysis to ten-person calling list policy); *see also Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 686 (11th Cir. 2005) (per curiam) (holding that application of *Turner* factors on preliminary screening was appropriate pursuant to 28 U.S.C. § 1915(e) because district court had a duty under that statute to dismiss claims that were frivolous); *Smith v. Fla. Dep't of Corrs.*, 318 F. App'x 726, 729 (11th Cir. 2008) (per curiam) (affirming dismissal of facial constitutional challenge to prison rule under *Turner* on preliminary screening pursuant to 28 U.S.C. § 1915(e)). Plaintiff's motion for reconsideration is thus denied as to these claims.

Plaintiff also seeks reconsideration of the dismissal of his claims challenging the prison's policy limiting the number of individuals who may contribute to his prison trust fund account and requiring all funds to be deposited directly into that account. Plaintiff contends that these policies violate the First Amendment by preventing him from purchasing JPay media until he pays off his accrued prison debt.[2] Reconsideration of these claims is also unwarranted. First, even though Plaintiff incurred a significant portion of his debt to pursue litigation in the state and federal courts, the First Amendment does not demand that prisons subsidize a prisoner's civil litigation or require them "to allow prisoners to give priority to their personal purchases over repayment of their debts," as

---

[2] Plaintiff also argues that these policies violate his equal protection rights, but apart from briefly mentioning the Equal Protection Clause, he does not explain how, specifically, his equal protection rights have been violated.

noted by the Magistrate Judge. *Kaufman v. Frank*, No. 06-C-205-C, 2006 WL 1982692, at *32-33 (W.D. Wis. July 13, 2006), *amended on reconsideration sub nom. Kaufman v. Karlen*, 06-C-205-C, 2006 WL 2572062 (W.D. Wis. Sept. 1, 2006). This is true even when the prisoner's "personal purchases" may also implicate his First Amendment rights. *See id.* (finding that similar policy did not violate First Amendment and rejecting prisoner's claim that policy forced prisoner "to choose between pursuing his extensive civil litigation efforts . . . and engaging in other activities, such as purchasing stamps and paper for the purpose of corresponding with his family"). Second, nothing in the First Amendment requires the prison to permit an unlimited number of individuals to contribute funds to Plaintiff—particularly when funds could be used to purchase some other amenity that does not implicate the First Amendment. And third, even if these policies caused some sort of incidental effect on Plaintiff's ability to acquire media content, these policies are reasonable under *Turner*, as explained by the Magistrate Judge. Plaintiff's motion for reconsideration is therefore denied as to these claims.

### C. Religious Freedom Claims

Plaintiff next seeks reconsideration of his claims that Defendants' policies have substantially burdened his ability to practice his religion. Plaintiff has not alleged any facts that would persuade the Court to reconsider its finding that the policies challenged in this action do not substantially burden Plaintiff's ability to (1) communicate with immediate and extended family members, other members of the Muslim community, and religious or spiritual advisers and (2) obtain secular and religious knowledge. However,

new information provided by Plaintiff concerning his professed inability to learn the chant of Qur'an gives the Court pause. Most relevant to these claims, Plaintiff has submitted an affidavit from Imam Furqan A. Muhammad explaining that Plaintiff's ability to practice this aspect of his religion is substantially burdened because Plaintiff does not have access to a recorded version of the Qur'an (ECF No. 22). Given these new allegations and the accompanying affidavit, the Court grants Plaintiff's motion for reconsideration to the extent Plaintiff is claiming that Defendant's policies substantially burden the practice of his religion because they prevent him from learning the chant of Qur'an.

That said, it is important to note that Plaintiff has not alleged that any one of Defendants' policies is solely responsible for inhibiting his ability to learn the chant of Qur'an; his allegations instead suggest that several policies combine to produce this effect. In addition, Plaintiff acknowledges the GDC's policies give him the ability to request any item of religious significance that another GDC policy would otherwise prevent him from having. *See* Attach. 1 to Objs. 43, ECF No. 18-1 in *Daker v. Ward*, Case No. 7:20-cv-00113-HL-TQL (M.D. Ga. Nov. 5, 2021). Because they offer a prisoner a way to obtain otherwise prohibited religious items, the challenged policies, on their face, do not appear to substantially burden his religious practice. *See, e.g., Schlemm v. Wall*, 165 F. Supp. 3d 751, 762 (W.D. Wisc. Feb. 29, 2016) (observing that requiring a prisoner "to file a request for a special food order is not particularly burdensome, much less a 'substantial burden'" but noting that prisoner's claims "*may* have merit" if he could show that he was still unable to obtain religious food item under policy). Thus, an analysis of this claim requires the

Court to examine how the policies at issue in this case, as well as those at issue in another case filed by Plaintiff, *Daker v. Ward*, 7:20-cv-000113-HL-TQL (M.D. Ga. June 11, 2020), have been applied to Plaintiff's particular situation. Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[3] Consolidation of Plaintiff's cases will conserve judicial resources and permit more efficient resolution of Plaintiff's claims. It is therefore **ORDERED** that the above-captioned action be **CONSOLIDATED** into *Daker v. Ward*, No. 7:20-cv-00113-HL-TQL (M.D. Ga. June 11, 2020). The above-captioned action may be **ADMINISTRATIVELY CLOSED.** Plaintiff will also be ordered to file a new Complaint in Case No. 7:20-cv-00113-HL-TQL to establish the scope of this consolidated action.

### III.   Conclusion

In accordance with the foregoing, Plaintiff's motion for access to case authorities (ECF No. 19) is **DENIED**, and his motion for reconsideration (ECF No. 21) is **GRANTED** to the extent Plaintiff is alleging that Defendants' policies have substantially burdened his ability to learn the chant of Qur'an, but it is **DENIED** as to Plaintiff's remaining claims. The Clerk is also **DIRECTED** to consolidate this action into *Daker v. Ward*, No. 7:20-cv-

---

[3]"[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

00113-HL-TQL (M.D. Ga. June 11, 2020) and to **ADMINISTRATIVELY CLOSE** the above-captioned action.

**SO ORDERED**, this 26th day of April, 2022.

*s/ Hugh Lawson*
HUGH LAWSON, SR. JUDGE